**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:03CR131-DJS |
| | ) | |
| **PERRY GREEN,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

This matter is before the Court on defendant's motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) based on the recent retroactive amendment of the United States Sentencing Guidelines applicable to crack cocaine offenses. Upon careful consideration of the entire record in this matter and applicable law, the Court makes the following determinations.

Defendant seeks a hearing in the matter and a reconsideration of sentencing under the now-advisory Guidelines. The Court is unpersuaded to grant these requests. Defendant has no right to be present for a hearing or to live allocution at a resentencing under §3582(c)(2). <u>See</u> Fed.R.Crim.P. 43(b)(4); <u>United States v. Franks</u>, 31 Fed.Appx. 833 (5th Cir. 2002). Further, the resentencing authorized by the retroactive amendment and §3582(c)(2) involves consideration only of the retroactive amendment and not a reconsideration of other matters. <u>See</u> <u>United</u>

States v. Jones, No. 08-1692, slip op. at 2 (8th Cir. April 25, 2008), *citing* United States v. Hasan, 245 F.3d 682, 685-85 (8th Cir. 2001); USSG §1B1.10(b)(1) (Suppl. Mar. 3, 2008). Finally, the Chief Judge of this Court has ruled that upon such a resentencing, the Court is not to apply the Guidelines as advisory but that "[b]ased on the language of the statute and the policy statement,...the maximum relief available to the defendant is the two-level offense level reduction authorized by the amendment to §2D1.1" of the Guidelines. United States v. Andre Rush, No. 4:01CR441-CEJ, Order of March 26, 2008 [Doc. #860], p.3. This Court agrees.

Upon initially sentencing defendant within the range of 92 to 115 months then applicable to defendant's crack cocaine offenses, the Court sentenced Green to 104 months. Upon careful consideration, the Court is persuaded again to sentence defendant at a point within the new range commensurate with the original sentence. The amended sentence imposed represents the Court's discretionary determination of a reasonable and appropriate sentence, based on an individualized assessment of the facts presented and the factors enumerated in 18 U.S.C. 3553(a), regardless whether the Sentencing Guidelines are mandatory or merely advisory. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. #27]

is granted as indicated in the separate Order Regarding Motion for Sentence Reduction entered herein this day.

Dated this ___30th___ day of May, 2008.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE